DORE, Judge.
This is an action wherein the plaintiff is seeking a declaratory judgment under LS A-Revised Statutes Title 13, Sections 4231 et seq.; plaintiff made the now Attorney General of this State as the sole defendant; the suit does not involve the constitutionality of any Statute of the State of Louisiana which would ever require the Attorney General to be served with a copy of the proceedings or entitle him to be heard.
Plaintiff, in his petition, sets out that he is an inmate of the Louisiana State Penitentiary, under legal commitments, from two judicial district courts of this State, on account of sentences, viz.: From the Fifteenth Judicial District for the Parish of Lafayette imposed on September 29, 1950, for a total sentence of Four (4) years, and from the Fourteenth Judicial District for the Parish of Calcasieu, imposed on October 26, 1950, for a total sentence of Five (5) years and from the same judicial district for the Parish of Allen, imposed on November 14, 1950, for a total sentence of Three (3) years, making a total, from said district, of Eight (8) years.
He further avers that he was committed to the Louisiana State Penitentiary in November, 1950 under commitment orders from the Fourteenth Judicial District for the Parish of Calcasieu; nevertheless, the authorities of the Penitentiary have refused to permit him to begin serving his sentences imposed upon him from the Fourteenth Judicial District Court and have permitted him to serve only the sentences imposed upon him by the Fifteenth Judicial District Court for the Parish of Lafayette; *776 he further avers that the sentences imposed upon him by the Fourteenth Judicial District Court are concurrent with those imposed upon him by the Fifteenth Judicial District Court for the Parish of Lafayette; and not consecutive as contended by the authorities of the Louisiana State Penitentiary; that the effect of the contention of said authorities would be to force him to serve a total of twelve (12) years, whereas in fact he should serve only a total of eight (8) years.
Fie alleges further “that the authorities of Louisiana State Penitentiary have no desire to- force petitioner to serve more than his proper time, and that the authorities of Louisiana State Penitentiary have acted solely and only by virtue of opinions, instructions, and rulings from the Attorney General of Louisiana, including his assistants * * * and that is these opinions, instructions, and rulings of the Attorney General of Louisiana which have, in effect, given petitioner a greater sentence than that allowed by law.”
His prayer is as follows: “Petitioner prays for the benefit of LSA-R.S. 13:4231; that the Attorney General of Louisiana be made partly defendant herein, and be duly served with a copy of this petition and be cited to answer same; that after all proceedings had, there be a declaratory judgr ment rendered herein to the effect that petitioner’s sentences from the Fourteenth Judicial District Court are concurrent with those from the Fifteenth Judicial District, and that petitioner ought to have a total of eight instead of twelve years.”
The Attorney General filed exceptions, (1) to the jurisdiction ratione personae; (2) in the alternative, to the lack of jurisdiction ratione materiae, in the further alternative, (3) of no right of action against exceptor, in that he alone is made defendant, and (4) of no‘ cause of action.
The exception of no cause of action was sustained, and plaintiff’s suit was dismissed. Plaintiff has appealed.
We note that the district judge did not rule on any other exception save that of no cause of action. He should have first passed on the exceptions to the jurisdiction. Since he did not mention or sustain them, he is presumed to have overruled them. The defendant, in this court, does not re-urge them. They are presumed to be abandoned. However, the defendant re-urges his exceptions of no right and of no cause of action, which exceptions are the only issue before this court.
. Although the trial judge did not give any written reasons for his judgment, we learn from the attorneys for the litigants that the decision of the trial judge was based on the ground that the petition failed to disclose a justiciable controversy.
 This action is based on our Uniform Declaratory Judgment Act, Act No. 431 of 1948 and Act No. 22 of Ex.Sess. of 1948, now LSA-R.S. 13:4231 through 13 :- 4246. Although this Act has not been interpreted by our courts, yet it being the Uniform Act, it is now well settled by other courts of the several states that a proceeding for a declaratory judgment must be based upon an actual controversy. The term “actual controversy” has been given a broad construction. In view of the allegations as set forth in the petition, there appears to be an “actual controversy” in existence. But is this “actual controversy” existing between the plaintiff and the defendant, the present Attorney General of this State. We think not. He is confined and being held in the State Penitentiary through no act or ruling of the present Attorney General. He is there by virtue of commitments issued by courts of competent jurisdiction and is finder the guidance and supervision of others than the Attorney General. He has failed to make the proper authorities parties’ defendants. The Attorney General is not concerned with the confinement of plaintiff. He has therefore no right of action against the present Attorney General and his petition discloses no cause of action in so far as the Attorney General is concerned.
For these reasons, the exceptions of no right and of no cause of action are sustained and the judgment appealed from is affirmed.