DOMENGEAUX, Judge.
Appellant Weinberg, Inc., instituted suit on October 21, 1971, against defendant-ap-pellee insurer to recover the price of goods lost by theft on March 21, 1970. The insurer had issued a policy in favor of the plaintiff which provided coverage for theft losses. Defendant filed an exception of one year prescription under LSA-R.S. 22:691. It also filed a motion for summary judgment. At the trial of the exception the only evidence adduced was the introduction of the policy itself and the affidavit of Joe Weinberg, an officer of the plaintiff corporation. The trial court sustained defendant’s exception of prescription on the basis of the one year prescriptive period provided for in the policy of insurance itself, and dismissed plaintiff’s suit with prejudice. Plaintiff has appealed that ruling to this court.
The policy issued by defendant in this case contains the following provision:
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.”
The affidavit of Mr. Weinberg reads as follows:
“STATE OF LOUISIANA PARISH OF LAFAYETTE AFFIDAVIT
BEFORE ME, the undersigned authority, personally came and appeared JOE H. WEINBERG, who after being duly sworn declared:
That appearer is an officer of Weinberg’s, Inc. and held that position on or before and subsequent to March 21, 1970. That on March 21, 1970, Weinberg’s, Inc. was conducting a sale pursuant to an agreement with April-Marcus Associates, which sale required a substantial amount of inventory being kept at all times. That on or about said date, a substantial loss occurred, however, this loss was not learned until an inventory was actually taken at the end of the sale. That as soon as the first knowledge of loss came to the attention of Weinberg’s, Inc., its insurer, Aetna Casualty and Surety Company was notified. That at such time the exact amount of loss was determined, a formal proof of loss was submitted to Aetna Casualty and Surety Company, this proof of loss having been dated September 1, 1970.
That subsequent to the submission of the proof of loss, the same was rejected with notice of the rejection having been received on October 21, 1970. The letter accompanying the rejection of the proof of loss affirmatively stated as follows:
‘Should you locate supporting material, submit your proof of loss with that material and we will reconsider acceptance of your proof at that time.’
That appearer, though maintaining inventory records of his own, relied upon April-Marcus Associates to maintain the specific inventory in question, this being done pursuant to contractual agreements between Weinberg’s, Inc. and April-Marcus Associates. That immediately after the rejection of the proof of loss, together with the notation concerning the securing of additional information, appear- *755 er met with a representative of General Adjustment Bureau who was handling the loss for Aetna Casualty and Surety Company. That the problem of securing these records from April-Marcus Associates was explained to the representative of General Adjustment Bureau. In particular, it was stated that a substantial disagreement concerning the contractual terms and provisions as well as other agreements had developed between Weinberg’s, Inc. and April-Marcus Associates. That in view of this substantial disagreement, it would take a substantial length of time and may actually involve litigation to be able to secure these records. The representative of General. Adjustment Bureau stated that the time factor was no problem whatsoever and that as soon as Weinberg’s, Inc. was able to secure the necessary records that the claim should then be resubmitted. That appearer, based upon the letter received with the rejection, plus the advice of the representative of General Adjustment Bureau that time was no substantial factor in the matter, did not further consider the problem of a time limit with which to submit the supporting information.
That as shown by that certain matter entitled, “April-Marcus Associates vs. Weinberg’s, Inc.”, Docket No. 50325 of this Court, litigation did in fact commence between April-Marcus Associates and Weinberg’s, Inc. concerning .an alleged shortage. That pursuant to that litigation, discovery has been instituted wherein Weinberg’s, Inc. has attempted to secure the exact information concerning the inventory and a particular description and itemization of all factors that would be necessary so as to resubmit a proof of loss with the supporting material.
That had appearer had any knowledge that time was a factor in its claim against Aetna Casualty and Surety Company, suit would have been instituted, however, relying upon the letter submit-
ted with the proof of rejection and the statements by the representative of General Adjustment Bureau, appearer was concerned merely with the litigation with April-Marcus Associates, Inc. which would ultimately produce the necessary information to submit the same to the insurer.
THUS DONE AND SIGNED
Plaintiff-appellant on appeal contends that the trial judge erred in failing to recognize that the insurer, through its representative, waived the prescriptive period provided for in the policy and further that it lulled plaintiff into believing that the time factor was no problem in allowing plaintiff time to secure the necessary records for re-submission of the claim.
The allegations in Mr. Weinberg’s affidavit, which were uncontradicted, and which we must accept as true, indicate the following pertinent facts insofar as they affect defendant’s exception of prescription and motion for summary judgment: That the rejection of plaintiff’s proof of loss by defendant insurer in October, 1970, was because of a lack of supporting evidence for the loss; that the fact that plaintiff relied upon April-Marcus Associates to maintain the specific inventory, together with the difficulty in securing pertinent records from April-Marcus Associates was made known to the representative of General Adjustment Bureau, who also handled the loss for the defendant insurer, and the representative further knew of the substantial disagreement between plaintiff and April-Marcus and of the anticipated length of time, possibly involving litigation, necessary to secure the necessary records; that the representative of General Adjustment Bureau stated that the time factor was no problem whatsoever, and that as soon as plaintiff was able to secure the necessary records that the claim should then be resubmitted; that litigation between plaintiff and April-Marcus Associates did in fact commence wherein discovery procedure was instituted by plaintiff to secure the *756 necessary supporting material to substantiate its claim with defendant insurer.
We conclude from the above that plaintiff, based upon the letter received from defendant with the aforementioned rejection, plus the advice of defendant’s agent, the representative of General Adjustment Bureau, that time was no substantial factor in the matter, is correct in arguing that defendants’ action constituted a waiver of the time limit within which plaintiff was allowed to bring suit to enforce payment of its claim, and further constituted a lulling of plaintiff into believing that the time limitation was no problem.
It is evident from the affidavit that the proof necessary to substantiate plaintiff’s claim was contained in the records of April-Marcus.
In the case of Brocato v. Sun Underwriters Insurance Company of New York, 219 La. 495, 53 So.2d 246 (1951) the Louisiana Supreme Court held that the actions of the insurer in that case constituted a waiver of a similar limitation clause and quoted the general rule of law from 29 Am.Jur. Insurance Sec. 1402, as follows:
“An insurer may waive the provision of the insurance contract which limits the time within which the insured may bring suit to enforce the payment of claims for losses alleged to be covered by the contract, and such waiver need not he in writing, but may be made orally, or the insurer may by its acts and conduct he estopped from asserting such provision as a defense to an action on a policy. The insurer cannot hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then plead the delay, caused by his own conduct, as a defense to the action when brought.” [Emphasis ours]
In the case of Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So. 2d 727 (1970) although our Supreme Court sustained an exception of prescription in an insurance policy limitation clause it nevertheless recognized that a plaintiff under certain circumstances may be lulled into a belief that payment of an insurance claim would be made upon proper proof regardless of any time limits involved. See also O’Neal v. American Equitable Assurance Company of New York, et al., 162 So.2d 384, La.App.2d Cir. 1964.
Although the trial judge in this case sustained the exception of prescription it is evident that he realized that plaintiff depended upon the assurances of defendant’s representative by stating in his reasons for judgment:
“ . . . It may be that the plaintiff would have some action against the adjuster which, of course, this court could not pass upon without knowing all of the facts.”
Therefore, under the facts presented herein we conclude that the trial court erred in sustaining the exception of prescription.
It is evident that defendant’s motion for summary judgment was dependent upon the efficacy of its exception of prescription. Although the motion for summary judgment was tried in concert with the exception of prescription, the trial judge failed to rule on same, presumably because it had become moot by virtue of the ruling on the exception of prescription. The trial judge’s failure to rule thereon raises the presumption that he overruled the motion for summary judgment. In Re Cooper, La.App., 57 So.2d 775; Robinson v. United Gas Corporation, La.App., 76 So.2d 340. In any event the question is raised by neither party on appeal and we therefore consider it as being abandoned.
For the above and foregoing reasons the judgment of the District Court maintaining defendant’s exception of prescription and dismissing plaintiff’s suit is reversed, and this cause is remanded to the District Court for further proceedings not inconsistent with the views herein expressed. *757 All costs involved in this and in the trial court in connection with this appeal are assessed against defendant-appellee, and all other costs are to await a final determination of the case on the merits.
Reversed and remanded.