WATSON, Judge.
Plaintiff, Bernard B. Miller, a registered voter in the Parish of Sabine, asks an injunction to prevent a scheduled election for the office of sheriff, the primary on September 16, 1978 and the general election on November 7. Plaintiff Miller does not object to the candidacy of any particular person. He contests the election as a violation of the Louisiana Election Code, particularly LSA-R.S. 18:402.E(1), because the procla *1327 mation calling the election was issued less than fourteen (14) weeks from the date set for the election.
Plaintiff also prays that the proclamation be declared illegal and the police jury mandated to call the election in accordance with the Election Code, but the resolutory question is whether the election, as called, should be enjoined.
Two exceptions were filed to plaintiff’s petition: one of no right of action, alleging plaintiff’s lack of standing or interest to institute the suit; and one of prematurity, relying on the fact that the election has not yet been held. The exceptions were referred to the merits. The trial court sustained the exception of prematurity, concluding that the Election Code has no provision for an election to be contested prior to the time it is held.
The Secretary-Treasurer of the Sabine Parish Police Jury, J. D. Salter, testified that the election for sheriff was called in conjunction with previously scheduled elections in order to save the $40,000.00 cost of a special election. It was stipulated that the Sheriff of Sabine Parish, George Cook, died on June 21, 1978. Mike Tarver, William Neal Stracener, C.C. “Tobe” Nabors, Travis O. Bennett, James Alfice Brumley, Jr. and Guffey Lynn Pattison qualified as candidates for the sheriff’s election; all testified that they had no objection to the election being held as scheduled.
Plaintiff’s suit was properly dismissed. Plaintiff has no right of action or standing to institute the suit; as a general rule an election cannot be enjoined before it is held; and plaintiff has shown no irreparable injury which would justify an injunction.
First, plaintiff has no standing to bring this suit and thus no right of action. The Louisiana Election Code provides in LSA-R.S. 18:396 that any qualified elector may object to the candidacy of a particular person prior to an election. LSA-R.S. 18:420 allows a candidate to contest an election for irregularities or fraud which have prevented his nomination or election. Chapter 9 of the Election Code, entitled “Contests and Challenges”, provides in LSA-R.S. 18:1401.A that a qualified elector may object to the candidacy of any person in an election in which the plaintiff is entitled to vote. LSA-R.S. 18:1401.B covers a contest by a candidate who alleges that he would have been elected except for irregularities or fraud. LSA-R.S. 18:1401.C allows any person at interest to contest an election in which a proposition is submitted to the voters,'if there is an allegation that irregularities or fraud have changed the result. The statutes indicate by omission that an elector such as plaintiff Miller has no right of action to enjoin the holding of an election.
Second, the general rule in Louisiana is that an injunction will not issue to prevent the holding of an election. Rozas v. Evangeline Parish Police Jury, 211 So.2d 134 (La.App. 3 Cir. 1968).
Even if plaintiff were a proper party at interest and if the remedy of injunction were available, it would require a showing of irreparable injury. Plaintiff here has neither alleged nor shown that he would be injured, irreparably or otherwise, if the election were held as scheduled.
For the foregoing reasons the judgment of the trial court herein is affirmed at the cost of plaintiff appellant, Bernard B. Miller.
Affirmed.