533 So.2d 1305 (1988)
FIRST UNION BAPTIST CHURCH OF ALEXANDRIA, Louisiana, Plaintiffs-Appellants,
v.
Freddie BANKS, Defendant-Appellee.
No. 87-887.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*1307 Humphries & Humphries, Guy E. Humphries, Jr., Alexandria, for plaintiffs-appellants.
Louis Berry, Edward Larvadain, Alexandria, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
The plaintiffs, The Board of Trustees, (a/k/a Directors) for the First Union Baptist Church of Alexandria filed this suit seeking a preliminary injunction to enjoin the defendant, Freddie Banks, from continuing to act as pastor, employee or representative of the First Union Baptist Church of Alexandria. The petition alleged that the defendant had been relieved of his duties as pastor as of February 8, 1987. A temporary restraining order was signed on February 23, 1987, enjoining the defendant from acting as pastor or from entering upon the church property.
Thereafter, a petition for intervention was filed by another group also naming themselves the "Board of Directors and General Membership" of the First Union Baptist Church of Alexandria. The petition for intervention alleged that the initial Board of Trustees/Directors that had filed the petition against Freddie Banks had been removed from their positions by the general membership at an election on March 1, 1987. The petition went on to state that the new Board thereby authorized the dismissal of the suit against the defendant, Freddie Banks, who had been reinstated as pastor on March 1, 1987. The petition also asked for Four Hundred Thousand and 0/100 Dollars ($400,000.00) in damages from four of the original Trustees/Directors because of their acts of bad faith in attempting to use power not given to them by the by-laws or general membership. Another temporary restraining order was signed on March 6, 1987, prohibiting four members of the original Board of Trustees/Directors from further acting as Trustees/Directors. The plaintiffs filed exceptions of no right or no cause of action to the subsequent petition for intervention. The intervenors and the defendant also filed exceptions of no cause and no right of action against the plaintiffs.
After a hearing on the merits on March 9, 1987, the Trial Judge, in oral reasons for judgment, stated that he found that "the articles of incorporation and the by-laws are seriously deficient in not only meeting the requirements of law but also deficient in providing and directing the Directors, or the governing body, of the church as to how they should internally handle the affairs of the church." The Court then went on to issue the following Order:
ORDERED, ADJUDGED AND DECREED that all prior meetings of the Board of Directors and of the general membership of the First Union Baptist Church of Alexandria, Louisiana, are declared *1308 null, void and of no effect. It is further
ORDERED, ADJUDGED AND DECREED that the Secretary of the First Union Baptist Church shall call a general membership meeting to be held at 2:00 o'clock PM on Sunday, April 12, 1987, and that the notice of the meeting is to be mailed to all members on or before March 15, 1987. It is further
ORDERED, ADJUDGED AND DECREED THAT:
1. The membership shall elect a Board of Directors to be composed of nine members who are in good standing of the church;
2. The Board of Directors so elected shall serve until the next annual meeting of the membership which shall be held on the second Sunday of January of each year;
3. At the annual meeting an election shall be held for the Board of Directors to serve until the next annual meeting, or until their successors are elected and qualified;
4. The Board of Directors, so ordered by the Court, shall have the authority to adopt a set of By-Laws, which shall govern the internal affairs of the church, including the calling or dismissing of a Rector;
5. The Board shall select from its membership a Chairman, a Secretary, and a Treasurer;
6. At the general membership meeting to be held on April 12, 1987, those persons eligible to vote shall be those present in person at the meeting;
7. Only those members over 18 years of age and who have been a member in good standing of the church for at least six months prior to March 29, 1987, shall be eligible to vote at the membership meeting;
8. The election of the Board of Directors at the membership meeting on March 12, 1987, shall be conducted under the direction of a panel of three persons, one of whom shall be designated by the plaintiff, one of whom shall be designated by the defendant and one of whom shall be designated by this Court;
9. This Court has appointed Rev. Soloman Shorter to act as its representative at the meeting. In the event of a disagreement between the panel the opinion of the person appointed by the Court shall be controlling;
10. All temporary restraining orders previously issued herein shall be continued until after the election of the Board of Directors at the special membership meeting;
11. The panel ordered appointed by the Court shall govern the affairs of the church until such time as the new members of the Board of Directors are elected and qualified.
The plaintiffs have appealed the Judgment and Order of the District Court and raised seven assignments of error. The defendant and intervenors have jointly filed a brief in response reurging the reasons pleaded in the District Court and ask for an affirmation of the District Court ruling.[1]

EXCEPTIONS OF NO CAUSE AND NO RIGHT OF ACTION
The plaintiffs argue that the Trial Court erred in failing to sustain their exceptions *1309 of no cause and no right of action against the intervenors. The plaintiffs argue that even though the Trial Court ruled that all prior meetings of the general membership were null and void, the Trial Court did not rule on their exception and continued the temporary restraining order that the defendant/intervenors had issued against the plaintiffs.
Where neither the District Court's minutes nor judgment reflect action taken by a District Judge on an exception, he is presumed, on appeal, to have overruled them. Robinson v. United Gas Corp., 76 So.2d 340 (La.App. 2nd Cir.1954); In Re Cooper, 57 So.2d 775 (La.App. 1st Cir. 1952). As the judgment or minutes of the Trial Court did not indicate that the Trial Court ruled on the plaintiffs' exceptions of no cause and no right of action (nor ruled on the same exceptions filed by the defendant and the intervenors, we must presume that he overruled all of the exceptions, including those of the plaintiffs.
Hence, as only the plaintiffs have appealed, we must determine whether the Trial Court was correct in overruling the exceptions filed by the plaintiffs. The purpose of the exception of no cause of action is to determine the sufficiency in law of the petition; such an exception is triable on the face of the papers and, for purposes of determining issues raised by the exception, well pleaded facts in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
A review of the intervenors' petition clearly states a cause of action. The intervenors' petition alleges that the plaintiffs, as the governing body in the church, have acted beyond the powers outlined in the corporate charter and in the church by-laws when they fired the defendant, Pastor Freddie Banks. Clearly the law affords members of a nonprofit corporation the remedy to prohibit their Board of Directors from acting in contravention of the corporate charter or by-laws. See La.R.S. 12:222(A). The Trial Court did not err in overruling the plaintiff's exception of no cause of action.
The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La. 1979). Evidence supporting or controverting the existence of no right of action is admissable. Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289 (La.App. 1st Cir.); writ denied, 422 So.2d 423 (La.1982).
The petitioners for intervention claimed to represent a new, duly elected Board of Trustees/Directors of the church and the general membership. They asserted that the plaintiffs were no longer Trustees/Directors and were no longer authorized to act on behalf of the church. At the hearing on the exceptions, the intervenors presented evidence that a group whom they claimed made up the entire membership voted that the plaintiffs were no longer to serve as Trustees/Directors and, instead, a new Board of Trustees/Directors was elected which thereby authorized the dismissal of the case.
While the church's articles and by-laws are silent on any procedure to remove a governing Board of Trustees/Directors, generally, under Louisiana law, the members of a nonprofit corporation, by majority vote at a meeting called for this purpose, may remove any one or more of the Directors at any time. La.R.S. 12:224(E)(4). However, the intervenors presented no evidence of fulfilling the notice requirements for such a meeting in compliance with La.R.S. 12:230(A). Therefore, the intervenors failed to establish that they were, in fact, duly and properly elected to the Board of Trustees/Directors. Hence, the Trial Court's ruling that the actions of the general membership in removing the existing Board from office were null and void appears correct. However, even though the intervenors did not establish that they were the duly elected Board, as members of the church who alleged that they had suffered damage by the original Board, the intervenors presented sufficient evidence of a judicially enforceable interest so as to intervene and *1310 challenge the plaintiffs' suit against the defendant. cf. Wall v. First Nat. Bank of Shreveport, 482 So.2d 865 (La.App. 2nd Cir.1986). The Trial Court properly overruled both exceptions urged by the plaintiffs against the intervenors.

ASSIGNMENT OF ERRORS NOS. 2 THROUGH 7
The plaintiffs allege several errors in the Judgment and Order issued by the District Court. Initially, the plaintiffs argue that the Trial Court exceeded its authority in declaring that all actions taken by the plaintiffs as Trustees/Directors were invalid. The plaintiffs also contend that the Trial Court exceeded its authority by ordering a new election of the Board of Directors and by restricting voting to members eighteen years or older who had been a member of the church for the past six months and who were present at the vote meeting. The plaintiffs also protest the Court's appointment of the Rev. Solomon Shorter as the mediating party and the tie-breaking vote. The plaintiffs contend that the Trial Court exceeded its authority in ordering the election as there is no legal precedent for such an order.
We note initially that the Trial Court's ruling that all prior acts of the Board of Trustees/Directors regarding the pastor's employment were null and void is supported by the evidence. The by-laws are extremely vague and ambiguous outlining any specific authority for the removal of the pastor. One section states that "the church" has the authority to remove the pastor; another area impliedly gives the Board of Deacons such authority. The bylaws do not even provide for a Board of Directors, the usual corporation governing authority responsible for discharging employees. See La.R.S. 12:224(B). The Articles of Incorporation refer to a Board of Directors but fail to outline any authority for this Board. Testimony at the hearing indicated that the church has not had a "Board of Directors" since 1960, the year the church was incorporated. The plaintiffs, whom all parties interchangeably referred to as the Board of Trustees/Directors were actually the Board of Trustees, who, in the by-laws, have authority to represent the legal affairs of the church, but, arguably, do not also have the power to remove the pastor. Therefore, in their capacity as either Directors or Trustees, the plaintiffs did not have specific authority in the by-laws or the articles of incorporation to remove the pastor. The Trial Court's ruling declaring such attempts on the plaintiffs' part as null and void and of no effect is affirmed.
Regarding the plaintiffs' additional contention that the Trial Court lacked legal precedent to order the election of a Board of Directors, we note the case of Smith v. Riley, 424 So.2d 1166 (La.App. 1st Cir. 1982). In Smith, certain members of a church sued to prohibit the pastor and the existing Board of Trustees from further acting in their official capacity until a new election of the Board of Trustees could be held. The plaintiffs alleged that the pastor had exceeded his authority in the by-laws by appointing Board Members. The District Court ruled in favor of the plaintiffs, and in the interest of equity, ordered a new election of the Board of Trustees. As in our case where the by-laws do not outline any procedure for the removal of the pastor, the church by-laws in Smith were also silent on any procedure to remove an existing Board of Trustees. The Court ordered that an election be held, after due notice; that it be run "according to the rules provided in Roberts' Rules of Order"; and that only adult members of the congregation for the prior six months were eligible to vote. A disinterested third party was appointed to run the election according to these rules.
While Smith addressed issues that are not present in the case sub judice, we find the case factually similar and approve of its attempt to provide an equitable solution to a situation whereby a church's corporate articles and by-laws do not provide a procedure for the removal of a pastor. Because the by-laws and articles in this case are conflicting on which body has authority to remove the pastor, we conclude that the court ordered election of a Board of Directors *1311 with a specific authority to remove the pastor was the most equitable remedy available.
Upon review of the conditions for the election set forth by the Trial Court, we note that condition number six, requiring that the voting be done in person only is in contravention of La.R.S. 12:232(C)(1). All other requirements set forth are not prohibited by the Louisiana non-profit corporation law and are hereby affirmed.
Hence, we affirm the ruling of the Trial Court ordering that the election be held as set forth in the Trial Court's order, except for the prohibition against proxy voting. Costs on appeal are to be assessed against the plaintiffs.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] We note that the defendant/intervenors, in brief, have also asked this Court to vacate the ruling of the District Court and dismiss the case on the basis that the Trial Court lacked subject matter jurisdiction under the United States Constitution, Amends. I, XIV and the Louisiana Constitution Art. I § 8. As the defendant/intervenors have not appealed the Trial Judge's ruling nor answered the appeal, the defendant/intervenors' request to modify, revise or reverse the Trial Court's judgment is not properly before this Court. See La.C.C.P. art. 2133. However, for purposes of clarification we note that the Trial Court did have subject matter jurisdiction based on the issues presented in the plaintiff's petition. See LeBlanc v. Davis, 432 So.2d 239 (La.1983); Rose Hill Baptist Church v. Jones, 425 So.2d 348 (La.App. 3rd Cir.1982). Additionally, we note that this case does not inquire into the merits of a disciplinary proceeding against the defendant. See Joiner v. Weeks, 383 So.2d 101 (La.App. 3rd Cir.), writ denied, 385 So.2d 257 (La. 1980).