566 So.2d 1016 (1990)
ZETA-CAIMAN, LTD., Plaintiff-Appellant,
v.
Ajit M. NAIK, Defendant-Appellee.
No. 89-222.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1990.
*1017 Mills, Timmons & Flowers, Robert A. Thrall, Shreveport, for plaintiff/appellant.
Wm. R. Boone, Many, for defendant/appellee.
Before DOMENGEAUX, C.J., and GUIDRY and FORET, JJ.
FORET, Judge.
Zeta-Caiman, Ltd., plaintiff-appellant herein, appeals from the trial court's order granting Sabine State Bank & Trust Company, intervenor and appellee herein, as a junior mortgagee, a preliminary injunction to arrest the sale of certain real property, the subject of Zeta-Caiman's executory proceeding.
Insofar as we find that Sabine State Bank does not have a right to maintain an action for injunctive relief, we reverse the order of the trial court granting a preliminary injunction in favor of Sabine State Bank & Trust Company, Inc.

PRIOR PROCEEDINGS
Zeta-Caiman, Ltd. (Zeta) filed its petition to enforce its real estate mortgage by executory process in May of 1987, naming Ajit M. Naik, defendant herein, as sole defendant. An order was entered ordering that executory process and a writ of seizure and sale be issued. Defendant, Naik, neither moved to arrest the sale nor appealed the order granting the issuance of executory process.
Subsequently, Zeta filed an amended petition alleging that defendant, Naik, had sold the property and filed for bankruptcy. The action was thereby converted from a personal action against Naik into an in rem proceeding. The record reflects that the property was scheduled for sale on August 10, 1988.
In August of 1988, Sabine State Bank & Trust Company, Inc. (Sabine) filed a petition for intervention and temporary restraining order to arrest seizure and sale and obtained a TRO enjoining the sale set for August 10, 1988, in the executory proceeding.
After the TRO expired without further intervention by Sabine, Zeta obtained an order, in October of 1988, authorizing the Sheriff of Sabine Parish to proceed with the seizure and sale of the mortgaged property[1]. Again, defendant, Naik, did not appeal nor move to arrest the sale of the seized property. The sale of the property was then set for January 4, 1989.
In December of 1988, Sabine filed a rule to show cause and again prayed for injunctive relief to arrest the sale. At the hearing on Sabine's application for a preliminary injunction, Zeta filed peremptory exceptions of no right of action and no cause of action. On January 5, 1989, the trial court issued an order for preliminary injunction, making said injunction effective as of the date of the trial court's reasons on December 28, 1988.

FACTS
At the hearing on the application for injunctive relief, Zeta entered into evidence certain pleadings and attached exhibits which outlined the history of the case, as set forth below.
*1018 On August 27, 1980, Maxey Enterprises, Ltd. sold the property at issue to Patel Enterprises, Inc. In return, Patel Enterprises, Inc. executed a promissory note in the amount of $140,337.45 in favor of Maxey Enterprises, Ltd. This note was secured by a vendor's lien and mortgage in favor of Maxey Enterprises, Ltd. on the mortgaged property, commonly known as the Siesta Motel. This note is referred to as the Patel note and is the subject of this proceeding.
On February 24, 1984, Maxey Enterprises, Ltd. assigned the Patel note to Zeta with full recourse. The Patel note was paraphed for identification with a notarial endorsement and assignment of promissory note filed for record on March 16, 1984, in Sabine Parish under Registry No. 271584. This notarial endorsement contains the following notation: "Subject to an Agreement dated February 24, 1984, between Maxey Enterprises, Ltd. and Zeta-Caiman, Inc., agreement to a six year partial purchase of said Mortgage." Said agreement was entered into evidence by Sabine at the hearing on the rule to show cause in support of its application for preliminary injunction although the agreement was not part of the original executory proceeding. It is this agreement upon which Sabine bases its contention that Zeta is claiming more than is actually due on the Patel note.
On July 15, 1985, Patel Enterprises, Inc. conveyed the property known as the Siesta Motel back to Charles H. Maxey and Cheryl Holoman Maxey for $305,133.55 pursuant to a cash sale deed. Also, on July 25, 1985, a collateral mortgage in the amount of $355,000 was executed by Charles and Cheryl Maxey, individually, in favor of Sabine. On the same date, Maxey Enterprises, Ltd., by Act of Subordination, subordinated the Patel note and mortgage to Sabine's new $355,000 mortgage.
On July 15, 1985, Zeta held the Patel note and mortgage as assignee; the Patel note was not paraphed for identification with the purported Act of Subordination. It appears to be undisputed that the Act of Subordination executed on July 15, 1985 was ineffective as to Zeta's interest in the Patel note and mortgage and that Zeta holds the first mortgage position on the property in dispute while Sabine is an inferior mortgagee.
At the time of the hearing on the preliminary injunction, Naik, the defendant in the executory proceeding, his wife, and Patel Enterprises, Inc. had been discharged in bankruptcy. Additionally, Mr. and Mrs. Maxey, individually, were in a Chapter 7 bankruptcy at the time of the rule to show cause.

ASSIGNMENT OF ERROR
Zeta urges that the trial court erred in failing to sustain its peremptory exception of no right of action filed in response to Sabine's application for preliminary injunction brought by rule to show cause. Insofar as we agree with Zeta's contentions, it is unnecessary for us to speak to Zeta's other assignments of error.

DISCUSSION
Plaintiff-in-rule, Sabine, filed an application for preliminary injunction by rule to show cause alleging as follows:

"1.
Petitioner's herein filed a motion and petition for the court to make a determination of the amounts due and owing in that certain promissory note suit upon by Zeta-Caiman, Ltd., executed by Ajit M. Naik, et al.

2.
The judicial sale in this matter has been refixed for January 4, 1989, at 10:00 A.M." Sabine's rule continued by alleging that "[i]t is necessary that the Court issue a Rule to Show Cause" ... "as to why the preliminary injunction prayed for should not be issued...."
Neither the court minutes nor the order granting the preliminary injunction reflect any action taken by the trial judge on Zeta's exception of no right of action. Therefore, on appeal, it is presumed that the trial court overruled the exception. See First Union Baptist Church v. Banks, 533 So.2d 1305 (La.App. 3 Cir.1988).
*1019 The exception of no right of action raises the question of whether a remedy afforded by law can be invoked by this particular plaintiff. See Babineaux v. Pernie-Bailey Drilling Co., 262 So.2d 328 (La. 1972); Young v. Central Louisiana Legal Services, 432 So.2d 1072 (La.App. 3 Cir. 1983). Therefore, by this appeal, we must determine whether the remedy afforded by law under the cause of action alleged, i.e., injunctive relief, can be invoked by Sabine, an inferior mortgagee.
C.C.P. art. 2642, regarding the procedure to be used in executory proceedings, states, in pertinent part:
"Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both."
Injunctive relief is subject to clear limitations under C.C.P. arts. 2751, et seq., as set forth below:
"The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed."
As stated by the Louisiana Supreme Court in Semel v. Green, 211 So.2d 300, 303 (La.1968):
"... an injunction to arrest an executory proceeding is a defense (Articles 2642 and 2751, CCP) and may be filed, as here, in the executory proceeding (Article 2752, CCP). It is not an incidental action which includes only claims in reconvention, intervention and demands against third parties as provided by Article 1031, CCP."
A similar proposition was stated by Justice McCaleb in his concurring opinion in Fayard v. Celestan, 219 So.2d 504, 507 (La.1969), as follows:
"... when an executory proceeding is sought to be arrested by injunction, the remedy is employed as a defense and should not be regarded as an action within the meaning of that term as used in Article 681 and as defined by Article 421 C.C.P."
It is clear, under the above statutory and jurisprudential authority, that a defendant in an executory proceeding is the only party with a right of action to arrest the seizure and sale of the property by injunctive relief pursuant to C.C.P. art. 2751. Sabine was not made a defendant in the executory proceeding; therefore, Sabine has no right of action available under C.C.P. art. 2751. See McSwain v. Bryant, 503 So.2d 605 (La.App. 4 Cir.1987). The statutes indicate by omission that an inferior mortgagee has no right of action to enjoin the sale of the property subject to executory process. See Miller v. Sabine Parish Police Jury, 361 So.2d 1326 (La. App. 3 Cir.1978)[2].
C.C.P. art. 2643 sets forth the proper procedural method to be utilized by a third person claiming a mortgage, security interest, or privilege on the property seized in an executory proceeding[3], as follows:
"A third person claiming a mortgage, security interest, or privilege on the property seized in an executory proceeding may assert his right to share in the distribution of the proceeds of the sale of the property by intervention, as provided in Article 1092. The intervention shall *1020 be served as provided in Article 1093 and shall be tried summarily."
C.C.P. art. 1092 states, as follows:
"Art. 1092. Third person asserting ownership of, or mortgage or privilege on, seized property
A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.
If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.
An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor." [Emphasis ours.]
C.C.P. art. 1092 replaced Articles 395 through 403, Code of Practice of 1870 and operates in the same manner as the Code of Practice articles. See Official Revision Comments to C.C.P. art. 1092. The precise issue before this Court was determined by the Court in General Motors Acceptance Corp. v. Jordan, 65 So.2d 627, 630 (La.App. 1 Cir.1953), writ denied, November 9, 1953 (cite not found), as follows:
"Our jurisprudence under the Articles of the Louisiana Code of Practice concerning third oppositions holds that a third opponent is entitled to injunctive relief only after he has claimed ownership of the property under seizure. In Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823, 824, is found the following language:
`But in the case at bar the intervener does not claim ownership of the property seized, and his assertion of a privilege on the proceeds of the property would not have entitled him to an injunction.'
Articles 398, 399 and 400 of the Louisiana Code of Practice provide the cases in which injunctions lie, restricting this right to those in which the third opponent claims to be the owner of the property seized. And, while Article 401 provides that a third opponent who has a privilege entitling him to be paid out of the proceeds of a sale in preference to the party making the seizure, may obtain an order directing the Sheriff to retain the proceeds of the sale, yet there is no right of injunction given when the only claim is one of privilege on the proceeds." (citations omitted)
Sabine does not claim an ownership interest in the property seized in the executory proceeding; therefore, Sabine has no right to injunctive relief under C.C.P. art. 1092. Thus, we find that Zeta's exception of no right of action, addressed to Sabine's application for a preliminary injunction brought by rule to show cause, is well taken and should be maintained.
We also note that the record reveals that the order granting Sabine a preliminary injunction dispensed with the requirement for security, contrary to both C.C.P. arts. 3610 and 2754. Art. 2754 states:
"Except as provided in Article 2753, no temporary restraining order or preliminary injunction shall issue to arrest a seizure and sale unless the applicant therefor furnishes security as provided in Article 3610."
*1021 Sabine does not fall within any of the exceptions wherein security is dispensed with by law under C.C.P. art. 2754. Therefore, under these premises, the preliminary injunction herein is invalid and should be vacated. See Lambert v. Lambert, 480 So.2d 784 (La.App. 3 Cir.1985); Cochran v. Crosby, 411 So.2d 654 (La.App. 4 Cir.1982).

CONCLUSION
Based upon the foregoing, Sabine State Bank's application for preliminary injunction brought by rule to show cause is hereby dismissed and the order for preliminary injunction rendered by the trial court is hereby vacated.
Costs of this appeal and at the trial level are assessed to Sabine State Bank & Trust Company.
REVERSED AND VACATED.
NOTES
[1] This order was signed by the same trial judge who granted Sabine the injunctive relief, the subject of this appeal.
[2] We recognize that under C.C.P. arts. 2702 and 2703 a statutory exception exists to the general rule that a defendant is the only party with the right to arrest a seizure and sale. Under these articles, a third person who has acquired the property secured by the mortgage being proceeded against may arrest the seizure and sale pursuant to C.C.P. art. 2751. This exception is not applicable under these facts insofar as Sabine has not acquired the property, the subject of this lawsuit.
[3] C.C.P. art. 2592(7) also provides that summary proceedings may be used for "[t]he determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof."