JjBYRNES, Judge.
On January 18, 1994, the respondent Milton Bourn, filed a Petition for Executory Process against Lorraine Wood, wife of/and Emmitt J. Bourn, Jr. in an attempt to foreclose on two promissory notes secured by two pieces of property owned by the defendants in those proceedings. A sheriffs sale was set for May 25,1994. On May 24, 1994 relators, William Shaw, individually and on behalf of Margaret Shaw as judgment creditors of Emmit J. Bourn, Jr. filed a Petition for Injunctive Relief entitled William Ernest Shaw v. I.F. Hingle, in his capacity as Sheriff of Plaquemines Parish, in an attempt to block the sheriffs sale. Relators based their injunction request on the pendency of a revo- *312 eatory action they filed requesting that the mortgages be invalidated.
On May 25, 1994 the trial court issued an ex parte TRO enjoining the sheriff sale. Re-lators’ request for a preliminary injunction was set for June 6, 1994. Respondent intervened in the injunction proceeding on June 3, 1994. After the trial of the preliminary injunction the lower court by | ¿judgment dated June 7, 1994 dissolved the TRO and denied relators’ request for a preliminary injunction. In that judgment the trial court noted that the TRO had been issued “without security and without notice to opposing counsel.” LSA-C.C.P. art. 3610 requires that security be furnished. Relators have not contested the failure to furnish security.
Only the defendant in an executory proceeding has the right to injunctive relief. LSA-C.C.P. art. 2751; Zeta-Caiman v. Naik, 566 So.2d 1016, 1019 (La.App. 3 Cir. 1990). Relators assert no ownership claims to the mortgaged properties. As third party judgment creditors, relators have only a claim for a privilege or security interest on the property that was the object of respondent’s foreclosure proceedings. This privilege or security interest is limited to a claim against the distribution of proceeds received from the sheriffs sale. LSA-C.C.P. art. 2643 and 1092.
The pendency of relators’ revocatory action seeking to invalidate the mortgage granted by Emmit Bourn, Jr. to the respon- ■ dent, his brother, Milton Bourn does not constitute “irreparable injury, loss, or damage” as contemplated by LSA-C.C.P. art. 3601. Relators may still look to whatever claim they may have to the proceeds of the sheriffs sale.
Relators’ writ application is not an appeal and entitled them to no relief under LSA-C.C.P. art. 3612.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J. concurs in the result only.