# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JOSEPH PALMISANO, III

VERSUS

BLAKE BERGERON AND REMLY
BERGERON

NO.   2021 CW 0053

**FEB 1 8 2021**

---

In Re:   Loandepot.com, LLC, applying for supervisory writs,
32nd Judicial District Court, Parish of Terrebonne,
No. 0182849.

---

**BEFORE:   WELCH, CHUTZ, AND WOLFE, JJ.**

   **STAY DENIED; WRIT GRANTED IN PART; DENIED IN PART.**   The
trial court's January 12, 2021 judgment granting the exceptions
filed by plaintiff, Joseph Palmisano, III, and dismissing the
petition for intervention and damages filed by relator,
loanDepot.com, LLC (hereinafter "loanDepot"), is reversed.
loanDepot has a right of action and cause of action to assert
its mortgage and contest the validity of the seizure and sale of
the property located at 503 Jefferson Drive, Houma, LA 70360.
See La. Code Civ. P. art. 1092; **Shaw v. Hingle**, 94-1579 (La.
1/17/95), 648 So.2d 903.   Furthermore, the trial court's October
2, 2020 judgment denying defendants', Blake and Remly
Bergeron's, request for a preliminary injunction is an
interlocutory judgment and therefore is not a res judicata bar
to loanDepot's claims.   See La. R.S. 13:4231; **Whalen v.
Brinkmann**, 258 So.2d 145, 146-47 (La. App. 1st Cir. 1972)(a
judgment granting or denying a preliminary injunction is an
interlocutory judgment and therefore cannot form the basis for a
plea of res judicata).   In light of loanDepot's right and cause
of action to bring its claims, we also find the trial court
erred by granting plaintiff's exception of nonconformity of the
petition with the requirements of La. Code Civ. P. art. 891.
Accordingly, the peremptory and dilatory exceptions filed by
plaintiff are denied.   As to the trial court's dismissal of
loanDepot's writ of mandamus, the writ is denied.

**JEW**
**WRC**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_____
         DEPUTY CLERK OF COURT
              FOR THE COURT