522 So.2d 1339 (1988)
BETHLEHEM MISSIONARY BAPTIST CHURCH, Plaintiff-Appellee,
v.
Walter HENDERSON, Jr., Defendant-Appellant.
No. 19454-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
David A. Rothell, Mansfield, for defendant-appellant, Walter Henderson, Jr.
Joseph D. Toups, Jr., Mansfield, for plaintiff-appellee, Bethlehem Missionary Baptist Church.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
The defendant, the Reverend Walter Henderson, Jr., appeals the trial court judgment granting the plaintiff, Bethlehem Missionary Baptist Church, Inc., a permanent injunction preventing the defendant from serving as pastor of the plaintiff church. We reverse.
The facts of the case are stipulated pursuant to LSA-C.C.P. Art. 2131. For several years prior to December 6, 1986, the defendant was the pastor at Bethlehem Missionary Baptist Church in DeSoto Parish. *1340 In February, 1982, the church became a nonprofit corporation. Article VI of the Articles of Incorporation provide that the annual meeting is to be held on April 1 of each year. In addition to this meeting, the church had customarily held a congregational meeting each December for the election of church officers such as deacons, Sunday school teachers and choir directors. The usual method of notification of the December meeting is by announcement from the pulpit by the pastor for the three consecutive Sundays prior to the scheduled meeting.
The articles of incorporation introduced into evidence do not provide for this meeting. Corporate bylaws were not introduced into evidence and the trial judge's written reasons for judgment state that no bylaws were adopted. No mention of the authority of this meeting is contained in the stipulated facts other than as we have specified herein. The articles of incorporation state that "[t]he corporate powers, management and direction of this Charter shall be vested in an elected Board of Directors and the Pastor. The Board of Directors shall be composed of not less than three nor more than twenty one members in good standing at the time."
The minutes filed in evidence indicate that the first meeting held under the corporate charter was on April 7, 1984. Those minutes, however, indicate that minutes of a previous meeting, the date of which is not stated, were approved as read. At the first meeting, the defendant served briefly as moderator until he appointed a chairman who proceeded with the meeting and the election of members to the board. The articles of incorporation show that "Rev. Mose Williams, Pastor of the Church" was the president of the corporation and "an effective member of the Board of Directors." Apparently, the instant defendant became pastor at some point between incorporation and the first annual meeting held April 7, 1984. No mention is made of his position in the minutes of the first meeting in 1984, but the minutes of the second annual meeting of April 6, 1985 specifically show that the defendant as "pastor" was elected to the board.
The customary December meeting in 1986 was scheduled for December 6. The defendant announced the meeting from the pulpit for the three consecutive Sundays prior to the scheduled meeting. He did not know, however, that the issue of retaining or firing him was to be discussed at this meeting. Therefore, no notice of this item of business was given. At the meeting, a motion was made from the floor to fire the defendant. The defendant stated that this motion was out of order since there had been no prior notice of this item of business. A deacon conducted a vote over the defendant's objection, and the shareholders present voted to fire the defendant.
The defendant attempted to return to the pulpit on the following Sunday but was prevented from doing so. The plaintiff corporation then filed a petition seeking a temporary restraining order and preliminary and permanent injunctions prohibiting him from interfering with, occupying or attempting to occupy an elective office of the plaintiff corporation.
The trial court granted the relief sought. The court found that the board of deacons had properly presented to the church membership the recommendation that the defendant be discharged and therefore found that the defendant had been legally discharged as pastor.
On appeal, the defendant argues that the trial judge erred in finding that the corporation did not have to give notice, written or oral, to the shareholders of the nature of the business to be transacted at a special meeting.
LSA-R.S. 12:229 B provides that the articles of incorporation for a nonprofit corporation shall fix the time for the annual meeting. LSA-R.S. 12:229 C provides that special meetings may be called at any time by the president, the board of directors or any person so authorized in the articles or bylaws. LSA-R.S. 12:230 A provides that unless the articles or the bylaws provide otherwise, the authorized person calling a members' meeting shall cause written notice of the time, place and purpose of the meeting to be given to all members entitled to vote.
*1341 The articles of incorporation provide that the annual meeting is to be held on April 1st of each year; therefore, the meetings held in December were special meetings. Since the articles do not provide for a method of calling special meetings and there are no bylaws, LSA-R.S. 12:230[*] regulates the method of calling these meetings.
Customary practices of the church may not substitute for written articles or bylaws. The failure to provide for such meetings in the articles or bylaws mandates that the provisions of nonprofit corporation laws be followed. LSA-R.S. 12:230; Bethel Apartments, Inc. v. Tyler, 422 So.2d 1312 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 155 (La.1983).
In addition to failing to follow the written procedure required by the law, notice that the question of the pastor's tenure was to be considered was in no way given. Failure to give notice of the purpose of the special meeting will likewise void that meeting. Blum v. Latter, 163 So.2d 189 (La.App. 4th Cir.1964), writ refused, 246 La. 717, 167 So.2d 301 (1964).
Interestingly, the plaintiff asserts that because it was the defendant who called the meeting, the defendant cannot argue that the meeting was called improperly. This argument cannot avail the plaintiff. As the Supreme Court pointed out in Jones v. Shreveport Lodge No. 122, B.P.O.E., 221 La. 968, 60 So.2d 889 (1952), the statutory provisions regarding notice are important because often only a small percentage of an organization will attend meetings and conduct its affairs. However, the statutory provisions "insure to the members an opportunity to attend and protect their interests." Jones v. Shreveport Lodge No. 122, B.P.O.E., supra, 221 La. at 975, 60 So.2d at 892. Obviously, the defendant was not aware that his position was to be the subject of the meeting and thus could not be expected to give notice of it.
The notice of the meeting was clearly deficient. The meeting is therefore invalid. LSA-R.S. 12:230; Jones v. Shreveport Lodge No. 122, B.P.O.E., supra; Bethel Apartments v. Tyler, supra; Blum v. Latter, supra. The judgment of the district court is therefore reversed and there is judgment herein rejecting the demands of the plaintiff for injunctive relief at plaintiff-appellee's cost.
REVERSED.
NOTES
[*] LSA-R.S. 12:230 reads in pertinent part as follows:

§ 230. Notice of meetings of members
A. Unless otherwise provided in the articles or by-laws, and except as otherwise provided in this Chapter, the authorized person or persons calling a members' meeting shall cause written notice of the time, place and purpose of the meeting to be given to all members entitled to vote at such meeting, at least ten days and not more than sixty days prior to the day fixed for the meeting. Notice of the annual meeting need not state the purpose thereof, except as otherwise provided in this Chapter if a specified action is to be taken at the meeting. If such written notice is placed in the United States mail, postage prepaid, and addressed to a member at his last known address, notice shall be deemed to have been given him. Notice of any meeting may be waived in writing by any member at any time; the written waiver need not specify the purpose of or the business to be transacted at the meeting; and such notice shall be deemed to have been given to, or waived by, all members present or represented at any such meeting except any member who, at the beginning of the meeting, objects to the transaction of any business because the meeting is not lawfully called or convened....