672 So.2d 433 (1996)
Orie Gene MORRIS, Plaintiff-Appellee,
v.
Dallas THOMASON and David Thomason, Defendants-Appellants.
No. 28238-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1996.
Rehearing Denied May 2, 1996.
Kneipp & Hastings by Donald L. Kneipp, Monroe, for Appellants.
Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for Appellee.
Before NORRIS, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
Appellants, Dallas Thomason and David Thomason, appeal a judgment granting a writ of quo warranto invalidating the April 12, 1995 election of the board of directors of the Archibald Gin Company and declaring Dallas Thomason and Orie Gene Morris the sole directors of the company. For the reasons expressed herein, we affirm.

FACTS
The Archibald Gin Company was incorporated in 1969. The evidence presented at the hearing reveals that the original shareholders in the company were Orie Morris, his brother Charles Morris and Dallas Thomason. These three individuals constituted the corporation's original board of directors.[1] *434 Article VIII of the company's articles of incorporation provide that the board shall not be composed of less than three nor more than nine shareholders. Charles Morris died in 1976, and the vacancy left at his passing has not been filled.
Presently, Morris owns fifty percent of the shares of stock in the Archibald Gin Company. Dallas Thomason owns forty-one percent of the shares in the company, and his three sons, David, Charlie, and Lasly Thomason, each own three percent of the shares. Morris received written notice that a special meeting of the shareholders was scheduled for April 12, 1995 for the purpose of electing directors. There are no provisions for special meetings of the shareholders in the company's articles of incorporation. All five shareholders, along with Morris' attorney and the Thomasons' attorney were present at the April 12, 1995 meeting.
After the meeting was convened by company president Dallas Thomason, Morris objected to the meeting as a violation of Article X of the company's articles of incorporation, which provide that directors are to be elected at the annual shareholders meeting held on the third Monday in January. Morris, Dallas Thomason, and David Thomason were nominated to serve as directors. Exercising the cumulative voting rights afforded them by the articles of incorporation, the shareholders elected the above three individuals as directors of the corporation. Morris cast his 150 votes for himself. Charlie, Lasly, and David Thomason each cast nine votes for David Thomason. Dallas Thomason cast 48 votes for David Thomason and 75 votes for himself. The Thomasons' attorney announced the election of the three directors.
Contending that the April 12, 1995 election of directors was illegal, as well as a usurpation of his position as director and of the powers of the company's board of directors, Morris filed an action in quo warranto. The trial court held that the April 12, 1995 meeting was invalid, maintained the writ of quo warranto, ruled that the shareholders were prohibited from holding a special meeting for the purpose of electing directors to fill a vacancy on the board, and declared that Orie Morris and Dallas Thomason were the only validly elected directors of the corporation. The Thomasons appeal.

DISCUSSION
The purpose of quo warranto is to prevent usurpation of an office or corporate powers. It is a writ directing an individual to show by what authority he claims or holds an office in a corporation or directing a corporation to show by what authority it exercises certain powers. LSA-C.C.P. Art. 3901. If the court finds that a person is holding an office without authority, the judgment shall forbid him to do so and may declare who is entitled to the office or may direct an election when necessary. LSA-C.C.P. Art. 3902. In Smart v. Woodard, 441 So.2d 460 (La. App. 2d Cir.1983), this court noted that the function of the writ of quo warranto is narrow and its scope is limited to determining by what authority a person is holding office in a corporation. If it is determined that a person holds office by virtue of a valid election, the inquiry ceases, and the writ should be dismissed.
The Thomasons contend the trial court erred in the following findings:
(1) the corporation was prohibited from holding a special meeting to elect directors and to fill a vacancy on the board of directors; (2) the election of directors held by the Archibald Gin Company on April 12, 1995 was invalid; (3) the only validly elected directors of the company are Dallas Thomason and Orie Gene Morris. In support of these contentions, the Thomasons cite LSA-R.S. 12:81(C)(3) which states in pertinent part:
The remaining directors, even though not constituting a quorum, may, by a majority vote, fill any vacancy on the board (including any vacancy resulting from an increase in the authorized number of directors, or from failure of the shareholders to elect the full number of authorized directors) for *435 an unexpired term, provided that the shareholders shall have the right, at any special meeting called for the purpose prior to such action by the board, to fill the vacancy.
They argue that this statute gives the shareholders of a corporation a right to fill a vacancy created in the board of directors at any special meeting called for such a purpose, even if the company's articles of incorporation have specific provisions for electing directors. For additional support of this argument, the Thomasons also rely on Matherne v. Response Instrument Service & Engineering Corp., 533 So.2d 1011 (La.App. 1st Cir.1988). After a close reading of Matherne, the applicable statutes and the articles of incorporation for the company, we disagree that the shareholders of the Archibald Gin Company may call a special meeting to elect a board of directors.
The articles of incorporation of the Archibald Gin Company provide:
ARTICLE X "STOCKHOLDERS MEETINGS"
An annual meeting of the stockholders, for the purpose of electing directors, and for all other legal purposes for which a stockholders meeting can be held, shall be held on the third Monday in January of each year, commencing January 19, 1970, and at such time the stockholders shall elect directors by ballot, in person, or written proxy, said stockholders being entitled to one vote for each share of stock standing in his name on the books of the corporation thirty (30) days prior to the holding of the election, and it shall require only a majority of the stock present or represented, to elect. At any stockholders election each stockholder shall be entitled, if he so desires, to cast as many votes for one director equal to the number of shares of stock he owns, multiplied by the number of directors to be elected.
ARTICLE XI "BOARD OF DIRECTORS, POWERS"
The Board of Directors shall elect their own officers, and shall have the right to fill any vacancies caused by death or resignation in the Board, and the new director so appointed shall hold office until the following regular election, or until a successor is duly elected and qualified. Failure to hold the elections herein provided for, shall not work a forfeiture of this Charter, but in all instances, the present incumbents shall hold office until their successors are duly elected and qualified.
LSA-R.S. 12:81(C) provides that the articles or bylaws of a corporation may prescribe the manner of electing directors. Additionally, LSA-R.S. 12:81(C) qualifies LSA-R.S. 12:81(C)(3) with the words, "Except as otherwise prescribed in the articles or bylaws." Here, the articles of incorporation provide that the board of directors shall be elected at the annual shareholders' meeting held on the third Monday in January of each year. Because the articles specifically state when directors are to be elected, the special shareholders' meeting was improper. Therefore, the trial court did not err in finding that the election of the board of directors on April 12, 1995 was invalid.
In Matherne v. Response Instrument Service & Engineering Corp., supra, the articles of incorporation provided for the election of the directors at the annual meeting of the shareholders, the time of which was to be set by the bylaws. However, the bylaws did not specify when the annual meeting was to be held. A former director of the company sued because he was ousted at a "special meeting" as opposed to an "annual meeting." The trial court upheld the elections held during the special meeting. That case is clearly distinguishable from the present case because a time for an annual meeting is specified in the Archibald Gin Company's articles of incorporation. Consequently, the board of directors cannot be elected at a special meeting of the shareholders, the April 12, 1995 election of directors was invalid, and Orie Morris and Dallas Thomason remain the only valid directors of the company.
The parties also have briefed the issue of whether any of the directors were validly elected, since the company's articles of incorporation state that directors should be elected by a majority vote of the voting power represented at the election. No candidate received a majority of the votes cast at the April 12, 1995 election. Since we have concluded *436 that the trial court was correct in declaring the election of the board of directors invalid and in maintaining the writ of quo warranto, we decline to address this issue.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs are assessed against the appellants, Dallas and David Thomason.
AFFIRMED.
NORRIS, J., concurs with reasons.
NORRIS, Judge, concurring.
I respectfully concur in the result. Provided the proper showing had been made, I am of the opinion that a valid meeting of the shareholders to elect directors could have been called under La.R.S. 12:73 A. The Louisiana Corporation law is applicable, when it does not conflict with the corporation's charter, to fill in the gaps in the charter. See Bethlehem Missionary Baptist Church v. Henderson, 522 So.2d 1339 (La. App. 2d Cir.1988).
Appellants' contention that La.R.S. 12:81 C(3) resolves the issue is misplaced. That portion of the statute deals with filling a vacancy on the board of directors and authorizes the shareholders to do so if the board itself does not exercise this power under the charter. This, however, was not the stated purpose of the meeting in the instant case. Here the notice stated that the purpose of the special meeting was to "elect directors in accordance with the requirements of the Articles of Incorporation for the ensuing year." The Articles required that meeting to be held on the third Monday in January of each year. The notice was defective for the purpose of filling a vacancy and thus R.S. 12:81 C(3) is inapplicable.

APPLICATION FOR REHEARING
Before MARVIN, NORRIS, WILLIAMS, STEWART and GASKINS, JJ.
Rehearing denied.
NOTES
[1] The articles of incorporation list a James F. Wallace as an original shareholder and director. There is no information in the record regarding what became of Wallace. None of the parties dispute that the current shareholders are Morris, Dallas Thomason, and Thomason's sons, nor that prior to the April 12, 1995 election, the only directors were Morris and Dallas Thomason.