CHAISSON, J.
In this case arising out of an alleged breach of contract, Metairie Shopping Center, LLC ("MSC"), appeals a final judgment confirming an arbitration award rendered in favor of Roof Technologies, Inc., ("Roof Tech"). The only assignment of error MSC raises on appeal involves an interlocutory ruling of the trial court rendered prior to the commencement of the arbitration proceedings. In that ruling, the trial court denied a peremptory exception of no right of action filed by MSC. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On or about May 15, 2015, heavy rains caused water intrusion and extensive damage to retail premises at the Metairie Shopping Center, which is owned by MSC.
*1013 On April 5, 2016, Aucoin-Hart, a lessee of the retail premises, filed a petition for damages against MSC, Metairie Properties, LLC, Liberty Mutual Insurance Company, BSD Construction, LLC, Landmark American Insurance Company, and Roof Tech. According to allegations set forth in the petition, per addendum to the lease agreement between Aucoin-Hart and MSC, MSC had agreed to replace the roof over the leased premises prior to the May 15, 2015 heavy rains. Roof Tech was named as a defendant because, at the time of the incident, Roof Tech had been hired by MSC to repair certain portions of the roof at the shopping center.
On June 1, 2016, Roof Tech filed an answer to Aucoin-Hart's petition for damages, as well as a cross-claim against MSC in which Roof Tech alleged that it had entered into a contractual agreement with MSC on March 24, 2015, to repair portions of the roof at the shopping center. Roof Tech also alleged that on September 21, 2015, MSC rescinded their contract for the roofing work without cause. Pursuant to the terms of the contract, Roof Tech sought damages for costs incurred and lost profits in the amount of $74,218. Included with their cross-claim is an "AIA[1] Document A101 Standard Form Agreement" signed by representatives of both Roof Tech and MSC, as well as a September 21, 2015 letter from MSC purportedly rescinding the offer to have Roof Tech complete the roofing work.
MSC filed a peremptory exception of no right of action in which it contended that Roof Tech has no claim against MSC for breach of contract because a contract never existed between MSC and Roof Tech. Roof Tech contended that rather than a contract, there was a series of proposals that never resulted in an agreement between the parties. At the same time, MSC also filed a dilatory exception of prematurity in which they argued that, should the trial court find that a contract existed between the parties, then the mandatory arbitration clause requires that the trial court dismiss Roof Tech's cross-claim pursuant to La. C.C.P. art. 933.[2] In their opposition to these exceptions, Roof Tech filed a motion to stay the proceedings pending arbitration in accordance with La. R.S. 9:4202.[3]
Following a hearing on the exceptions, during which no evidence was introduced, the trial court rendered judgment overruling the exception of no right of action, sustaining the exception of prematurity, and staying the cross-claim of Roof Tech pending arbitration. MSC did not seek review of this judgment at that time.
The parties proceeded to arbitration. MSC filed in the arbitration a motion to dismiss Roof Tech's claim on the basis that there was no contractual agreement between MSC and Roof Tech. The arbitrator denied the motion, finding that a valid and enforceable contract existed between the parties. Following a hearing, the arbitrator found in favor of Roof Tech and awarded a *1014 lump sum of $59,340 as reasonable overhead and profit to be paid by MSC.
Roof Tech filed a motion to confirm the arbitration award pursuant to La. R.S. 9:4214. MSC opposed the motion to confirm the arbitration award, although it did not seek to have the arbitration award vacated on any of the grounds enumerated in La. R.S. 9:4210, or on the grounds that no contract existed between Roof Tech and MSC. Rather, MSC argued that the arbitrator had acted with "manifest disregard of the law" in making his award because Roof Tech did not provide evidence of damages from the breach of contract, an essential element of the claim. Following a hearing on the matter at which time the parties introduced various documents into evidence, the trial court granted the motion to confirm and entered a judgment in favor of Roof Tech against MSC.
MSC filed a suspensive appeal of the judgment of the trial court confirming the arbitrator's award. As its sole assignment of error, MSC argues that the trial court, in its ruling on the exception of no right of action, erred in finding that a valid, enforceable contract existed between MSC and Roof Tech.[4]
DISCUSSION
Motion to Dismiss
This Court first addresses the motion to dismiss filed by Roof Tech in its appellate brief in which it argued that, because MSC only seeks review of the trial court's previous interlocutory ruling, but not the final judgment confirming the arbitration award, this Court does not have jurisdiction over this appeal pursuant to this Court's reasoning in Palmisano v. Nauman-Anderson , 17-511 (La. App. 5 Cir. 12/27/17), 236 So.3d 1275. In that case, this Court dismissed for lack of jurisdiction an appeal filed by a defendant who took a devolutive appeal from a trial court judgment denying her Motion to Enforce a Settlement Agreement on the basis that it was an interlocutory judgment rather than a final one. The case before this Court is factually distinguishable because MSC has clearly taken a suspensive appeal from the trial court's final judgment confirming the arbitration award. Under the Louisiana Binding Arbitration Law, an appeal may be taken from a judgment entered upon an arbitration award as from a judgment in an action. La. R.S. 9:4215.
MSC seeks to attack the final judgment by limiting its argument to the absence of a contract between the parties, which was the basis of its exception of no right of action. This Court has stated, "[w]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to review of all adverse interlocutory rulings prejudicial to him or her, in addition to review of the final judgment. The failure to file a writ application seeking review of an interlocutory judgment does not waive a party's right to appellate review of that judgment upon appeal of a final judgment in the case." Branch v. Young , 13-686 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 350. We find that MSC's appeal is within this Court's jurisdiction, and, accordingly, we deny Roof Tech's motion to dismiss this appeal.
Exception of No Right of Action
The peremptory exception of no right of action functions as a test of whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927. The determination of whether a plaintiff has a right of action is a question of law, which *1015 the appellate court reviews de novo . Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C. , 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 296. In examining an exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit, and the court assumes that the petition states a valid cause of action. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n , 94-2015 (La. 11/30/94), 646 So.2d 885. Evidence supporting or controverting an exception of no right of action is admissible. La. C.C.P. art. 931. However, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. Denoux v. Vessel Mgmt. Servs. , 07-2143 (La. 5/21/08), 983 So.2d 84, 88 ; State v. AstraZeneca AB , 16-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 2018 WL 1755535. Determination of whether a plaintiff has a right of action is a question of law. Id.
While the record shows that both parties attached various documents to their memorandum in support of and in opposition to the exceptions, there is no indication in either the minute entries or the transcript of the proceedings that either party properly introduced evidence at the trial on the peremptory exception of no right of action pursuant to La. R.S. 13:3723. Documents attached to memoranda do not constitute evidence and cannot be considered such on appeal. Jackson v. United Servs. Auto. Ass'n Cas. Ins. Co. , 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515.[5]
In its petition, Roof Tech makes the following allegations: on March 24, 2015, Roof Tech and MSC entered into a Standard Form Agreement for roofing repairs at Metairie Shopping Center for the sum of $303,985; on September 21, 2015, MSC rescinded their offer to Roof Tech to complete the referenced roofing work at Metairie Shopping Center; pursuant to the clause contained in the contract which allows for termination at Owner's convenience and without cause, the Contractor is entitled to payment for work executed and costs incurred, including reasonable overhead and profit on the work not executed; MSC refused to compensate Roof Tech or pay for lost overhead and profit; MSC's refusal to pay is a material breach of the contract between the parties; and, due to the breach of contract, MSC is indebted to Roof Tech in the amount of $74,218.
Roof Tech's petition clearly articulates a claim for breach of contract, a cause of action long recognized under Louisiana law. Taking the facts as set forth in the petition as true, as this Court must in the absence of evidence properly introduced at the hearing on the exception, Roof Tech, as a party to the contractual agreement, is clearly within the class of persons the law recognizes as having a right to bring a claim for breach of contract. Therefore, we affirm the decision of the trial court denying MSC's exception of no right of action and the judgment confirming the arbitration award.
CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED

American Institute of Architects.

In their memorandum in support of the exceptions, MSC attached exhibits that included various Roof Tech proposals and a copy of the AIA Agreement containing the arbitration clause.

Roof Tech attached to its memorandum in opposition to MSC's exception multiple documents including: an affidavit from Roof Tech's project manager, Larry Lopez, stating that MSC had accepted Roof Tech's Proposal # 4 for repair of the roof, a copy of Proposal # 4, a copy of the signed AIA Agreement containing the arbitration clause, and an affidavit from Jerry Householder, a civil engineer and licensed contractor, stating that, in his opinion, MSC and Roof Tech had entered into an agreement when both parties signed Proposal # 4.

While MSC raises only one assignment of error, it also argues that the enforcement of the contract at issue violates Louisiana public policy. We decline to consider this argument raised for the first time on appeal. FIE, LLC v. New Jax Condo Ass'n , 17-0423 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 2018 WL 992520.

An exception exists with respect to summary judgment motions. La. C.C.P. art. 966(D)(2) permits a court to "consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." See Wood Materials, LLC v. City of Harahan , 17-142 (La. App. 5 Cir. 10/2/17), 228 So.3d 293, 295 fn.2.