ST. MICHAEL BAPTIST CHURCH, INC.

VERSUS

JAMES E. TUCKER, KEVIN SINCENO,
LILLIAN BREAUX, CLEASTER PAUL,
ROYAL BUTLER, FRIENDS OF ST.
MICHAEL, JOHN DOE(S) AND JANE DOE(S)

NO. 21-CA-573

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 809-950, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

April 28, 2022

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.

<u>**REVERSED IN PART; AFFIRMED IN PART, AS AMENDED**</u>
  **RAC**
  **FHW**
  **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ST. MICHAEL BAPTIST CHURCH, INC.
    John D. Miranda
    Courtney P. Newton

COUNSEL FOR DEFENDANT/APPELLEE,
JAMES E. TUCKER, KEVIN SINCENO, LILLIAN BREAUX, CLEASTER
PAUL, ROYAL BUTLER, & FRIENDS OF ST. MICHAEL
    Justin E. Alsterberg
    Graham H. Williams

**CHAISSON, J.**

In this suit arising from a corporate governance dispute, plaintiff St. Michael Baptist Church, Inc. appeals a judgment of the trial court sustaining defendants' exceptions of lack of procedural capacity and no right of action and dismissing the petition with prejudice. For the following reasons, we reverse in part and affirm in part, as amended, the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

St. Michael Baptist Church, Inc. ("SMBCI") is a registered Louisiana nonprofit corporation originally incorporated on December 13, 1963. It has historically occupied a campus at 315 James Street, Kenner, Louisiana. In the late 1990's, the church expanded to another location at 701 Colony Park Drive, LaPlace, Louisiana. SMBCI is the registered owner of the immovable properties at both locations. In 2011, some members of the congregation filed suit in the 24th Judicial District Court challenging the corporate governance of the church.[1]

In that suit, the trial court found that the church had failed to follow corporate formalities for nearly forty years by neglecting to hold board of trustee elections in accordance with SMBCI's articles of incorporation. This litigation resulted in a court appointed Special Master overseeing elections for the governing board of trustees on March 24, 2012, at which time seven members were elected to the board of trustees by a majority vote. This election was challenged on the basis that some church members had been excluded from participation, but was eventually upheld by the court.[2] The corporation subsequently adopted Amended and Restated Articles of Incorporation in 2014. Since that time, members from the LaPlace location have made up a majority of the Board of Trustees.

---

[1] 24th JDC Case Nos. 697-650, 698-973, 700-770, and 703-158.
[2] 24th JDC Case No. 715-230.

In 2018, disputes arose between members at the Kenner congregation and members at the LaPlace congregation over the process for legal and financial separation of SMBCI into separate legal corporations for their respective campuses. On September 4, 2020, SMBCI filed a Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Prohibitory and Mandatory Injunction, Declaratory Judgment, and Damages against Kenner congregation members James E. Tucker, Kevin Sinceno, Lillian Breaux, Cleaster Paul, and Royal Butler, and the Friends of St. Michael Baptist Church, a nonprofit organization that the Kenner members set up to fulfill the financial obligations of the Kenner campus.

In its petition, SMBCI alleged that, according to bylaws adopted at a February 28, 2020 meeting of the board of trustees, the worshipers at the Kenner location (including the named defendants) were removed from the membership rolls maintained by the corporation. SMBCI sought access to the Kenner properties as well as fruits and revenues derived from the properties and to forbid defendants from occupying or worshiping there.

In response to this petition, defendants filed a dilatory exception of lack of procedural capacity and/or peremptory exception of no right of action wherein they alleged that the board of trustees filed the petition without proper authority or capacity. Defendants alleged that the board of trustees regularly failed to follow the procedures set forth in SMBCI's governing documents, failed to provide required notices to members worshiping in SMBCI's Kenner church, attempted to conduct business without the required number of trustees, improperly removed a trustee, and ignored mandatory term limits for board members.

The trial court conducted a hearing on the exceptions on September 24, 2020, at which time it considered the following evidence: that there were only four members of the board of trustees, one short of the five required by the articles of

incorporation; that two members of the board of trustees, Rita Scott and Mervin Williams, were never properly elected to the board because notice of their elections was not sent to Kenner congregants; that two members of the board needed to be re-elected because their terms had expired; and that the Kenner congregants were never given notice of the February 28, 2020 meeting during which they were expelled from membership in SMBCI. Following the hearing the trial court sustained defendants' exceptions and dismissed SMBCI's petition without prejudice. A written judgment to that effect was rendered on December 22, 2020. SMBCI did not seek review or reconsideration of that judgment.

On January 12, 2021, SMBCI filed a First Supplemental and Amending Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Prohibitory and Mandatory Injunction, Declaratory Judgment, Judgment of Eviction, and Damages. In its amended petition, SMBCI avers and reasserts its original claims and makes more detailed factual allegations concerning 2017 and 2018 negotiations to legally separate the Kenner and LaPlace congregations and the financial operations of the church. The amended petition also alleges that on October 28, 2020, following the trial court's hearing on the original petition, senior members in good standing with SMBCI were "provided information and given the opportunity to elect members to the Board of Trustees, approve an amendment to the Articles of Incorporation changing domicile, ratify the Board of Trustees' past actions related to James Tucker, reaffirm the definition of [church] sponsored events, disavow affiliation or connection with 'Friends of St. Michael', ratify the February 28, 2020 Resolution of the Board of Trustees removing the disloyal Kenner members not in good standing and authorizing the filing of [the] lawsuit, and to recognize the [SMBCI] debt owed to Mr. and Mrs. Henry Hardy for loans made to [SMBCI]" in the amount of $83,000 at the time of filing the amended petition. The petition further alleges that on or about November 27, 2020, the

senior members in good standing elected Brian Carter, Henry Hardy, Rita Scott, and Mervin Williams to serve on the board of trustees. SMBCI attached to this amended petition numerous documents including meeting minutes, letters, and financial statements purportedly substantiating its claims.

In response to the amended petition, defendants again filed a dilatory exception of lack of procedural capacity and peremptory exception of no right of action wherein they reincorporated and restated the arguments and exhibits attached to their original exceptions and opposition. Defendants argued that the fundamental errors outlined in their original opposition remained, and that by holding an improper vote to ratify its prior improper votes, SMBCI had performed the functional equivalent of cleaning the floor with a dirty mop. In separate proceedings, representatives of the Kenner congregation filed a Petition for Writ of Mandamus asking that the court order elections for the board of trustees.[3]

On May 17, 2021, the trial court heard arguments on the exceptions, at which time it again found that the board of trustees acted without legitimate authority and sustained the exceptions of lack of procedural capacity and no right of action and dismissed the suit with prejudice. The court did not consider additional evidence at that time. Following this ruling, SMBCI proffered additional documents and the testimony of witnesses Pastor Randy Scott Vincent; Rita Scott, secretary of the board of trustees; Mattie Hardy, clerk of the board of trustees; and Mervin Williams, a member of the board of trustees.

On appeal, SMBCI argues that the trial court legally erred in sustaining defendants' dilatory exception of lack of procedural capacity, legally erred in sustaining defendants' peremptory exception of no right of action and dismissing

---

[3] 24th JDC Case No. 815-307.

SMBCI's petition with prejudice, and legally and manifestly erred in denying SMBCI's preliminary injunction.

**DISCUSSION**

On appeal, this Court reviews the judgments sustaining exceptions of no right of action and lack of procedural capacity under the *de novo* standard of review to determine whether the trial court's ruling was correct or incorrect as a matter of law. *English Turn Prop. Owners Ass'n v. Taranto*, 16-0319 (La. App. 4 Cir. 4/19/17), 219 So.3d 381, 387, *writ denied*, 17-1100 (La. 10/16/17), 318 So.3d 702. While both exceptions raise questions of law, they are not interchangeable. *Mt. Zion Baptist Ass'n v. Mt. Zion Baptist Church #1 of Revilletown Park*, 16-0151 (La. App. 1 Cir. 10/31/16), 207 So.3d 414, 417, *writ denied*, 16-2109 (La. 2/3/17), 215 So.3d 697. Accordingly, each exception must be considered separately.

*No Right of Action*

The peremptory exception of no right of action functions as a test of whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927. In examining the exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit. *Aucoin-Hart Jewelers, Inc. v. Metairie Shopping Ctr., L.L.C.*, 18-36 (La. App. 5 Cir. 5/30/18), 249 So.3d 1011, 1015. Evidence supporting or controverting an exception of no right of action is admissible. La. C.C.P. art. 931.

On appeal, SMBCI argues that the trial court erred in sustaining defendants' exception of no right of action because SMBCI is the sole title record owner of the disputed properties and no other entity or individual other than SMBCI has the right to petition for recognition of its property rights, return of its property, and recovery for damages. We agree. Upon *de novo* review of the record, which includes copies of the conveyance records showing SMBCI is the sole owner of the

properties in question, we find that the trial court erred in sustaining defendants' exception of no right of action. Accordingly, we reverse that part of the trial court's judgment sustaining the peremptory exception of no right of action.

*Lack of Procedural Capacity*

The dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in judgment, and/or challenges the authority of a plaintiff who appears in a purely representative capacity. La. C.C.P. art. 926; *English Turn Prop. Owners Ass'n*, 219 So.3d at 387. Under Louisiana law, procedural capacity is presumed unless challenged by the dilatory exception. La. C.C.P. art. 855. The lack of authority on the part of an agent of a corporation to file a suit on its behalf is properly considered under the dilatory exception. *Cent. Sur. & Ins. Corp. v. Canulette Shipbuilding Co.*, 195 So. 114, 115 (La. 1st Ct. App. 1940). Evidence supporting or controverting the exception of lack of procedural capacity is admissible. La. C.C.P. art. 930.

Corporations are juridical persons with the power to sue and be sued, complain and defend in its corporate name. La. C.C. art. 24; La. R.S. 12:207. Under Louisiana's nonprofit corporation law, all corporations must have a board of directors, and corporate powers may only be exercised by the authority of the board of directors, subject to any limitations set forth in the articles of incorporation. La. R.S. 12:224. The board of directors may adopt bylaws for the corporation that contain provisions for managing the business and regulating the affairs of the corporation that are not inconsistent with the law or the articles of incorporation. La. R.S. 12:222. Under traditional practice, a board of directors acts by the adoption of resolutions at regular or special meetings. La. R.S. 12:224. Where written notice of meetings is required and such notice is deficient, the actions taken at such a meeting are invalid. *First Union Baptist Church of*

*Alexandria v. Banks*, 533 So.2d 1305, 1309 (La. 3rd Ct. App. 1988); *Bethlehem Missionary Baptist Church v. Henderson*, 522 So.2d 1339, 1341 (La. 2nd Ct. App. 1988); *Blum v. Latter*, 163 So.2d 189, 194 (La. 4th Ct. App. 1964); *Jones v. Shreveport Lodge No. 122, B. P. O. E.*, 221 La. 968, 974, 60 So.2d 889, 891 (1952).

SMBCI maintains that its board of trustees has, at all times, acted in accordance with the law, the 2014 Articles of Incorporation, and their bylaws. With regard to this suit in particular, SMBCI points to a resolution adopted by the board of trustees on February 28, 2020, authorizing legal action, and a subsequent ratification of that resolution on November 27, 2020. In contrast, defendants maintain that SMBCI's actions are unauthorized because the board of trustees was improperly constituted and failed to follow the notice requirements set forth in the organization's articles of incorporation and the bylaws.

Quorum

According to evidence of the meeting minutes provided by SMBCI, as well as the proffered testimony of board members, at the time of the February 28, 2020 meeting, the board of trustees was comprised of four members: Brian Carter, Henry Hardy, Rita Scott, and Mervin Williams. SMBCI argues that, under La. R.S. 12:224, the unanimous vote of these four board members was sufficient to authorize the resolution for legal action against the Kenner members.

La. R.S. 12:224 states in part:

(E)(7) A majority of the board of directors shall be necessary to constitute a quorum for the transactions of business, and the acts of a majority of the directors present at a meeting at which a quorum is present shall be the acts of the board of directors…

The article further provides:

B. … *The number of directors shall be fixed by or in the manner provided in the articles of incorporation* or if not so fixed shall be the number fixed by, or in the manner provided in the bylaws. … *No director shall be elected for a longer single term than five years*.

…

E. The number, classification, qualifications, compensation, terms of office, manner of election, time and place of meeting, and powers and duties of directors, may, subject to the provisions of this Chapter, be prescribed by the articles or the bylaws.

(Emphasis added)

Pursuant to this language, a corporate board may act in an unauthorized manner if it fails to follow the provisions of its articles of incorporation and/or bylaws, or if it fails to follow the law of corporations in those instances where the articles of incorporation and/or bylaws make no provision. *See Canedo v. Vicari*, 11-1116 (La. App. 5 Cir. 5/8/12), 99 So.3d 64.

With regard to its board of directors, the 2014 Articles of Incorporation provide the following:

ARTICLE VIII

All the Corporate powers of this Corporation shall be vested in and exorcised by a Board of Trustees. … (b) There shall be a Board of Trustees, consisting of *not less than five (5) and not more than seven (7) members*, elected by members of this Corporation, who shall be subject to the supervision and authority of the Church, and who shall have jurisdiction over all the business, financial and other temporal affairs and powers of this Corporation …

ARTICLE IX

No person except a Senior member of this Corporation shall hold office as an officer, Deacon and/or Trustee. Unless he or she is removed from office, or is elected for a shorter period, or ceases to be a member, *a person elected as Pastor, Deacon and/or Trustee shall hold such office for a period of five (5) years*, except as otherwise provided in the bylaws to allow for staggered terms.

Pastors, Deacons and/or Trustees shall be elected by members of this Corporation, who are entitled to vote, at any meeting duly called, at the direction of the Board of Trustees for that purpose, *held not sooner than seven (7) days after notice thereof publicly given to the assembled congregations at both the Kenner and LaPlace locations, and written notice mailed to all communing members*.

(Emphasis added)

The uncontroverted evidence in the record indicates: that were no elections for the Board of Trustees held in 2017, 2018, or 2019; that at the time of the

February 28, 2020 meeting, the terms of board members Henry Hardy and Brian Carter, who were first elected in 2012, had been expired for nearly three years; and that there were no temporary appointments or elections to fill the vacancy in the board caused by the removal of Mr. Tucker from the Board in 2019.

From these facts, it is clear that at the time of the February 28, 2020 meeting, the board of trustees was not acting in accordance with its articles of incorporation or the requirements of La. R.S. 12:224 because it acted with an insufficient number of members (four instead of the five required) and two of the board members were serving terms of greater than five years without re-election. We therefore find that the resolutions adopted by the board of trustees on February 28, 2020, were invalid and did not authorize the exercise of SMBCI's corporate powers to take legal action against defendants.

Notice

The resolutions adopted on February 28, 2020, further purport to remove dozens of members of the Kenner congregation from the membership roll for failures to attend "authorized" worship services, failing to make identifiable financial support, and a demonstrated "disinterest and disloyalty" to SMBCI. This removal from the membership rolls is inconsistent with the procedure set forth in the 2015 bylaws, which require that members who do not have registered attendance, identified financial support, definite service contribution, and demonstrated interest and loyalty be removed from the list of members in good standing and placed on a list of inactive members following a mandatory notice, in writing, of removal to such status from the church Administrative Body. Following the receipt of such written notice, the inactive members then have two months to attend, provide identifiable financial support, and demonstrate interest or loyalty before being dropped from the membership roll. The 2015 bylaws also grant these members the right to appeal such a determination. Except for the letter

21-CA-573                              9

sent by the board of trustees to Mr. Tucker concerning his unauthorized attempt to open a bank account, there is no evidence in the record of any member of the Kenner congregation being sent a letter from the church Administrative Body informing them of their failure to attend authorized services, failure to make financial support, or failure to demonstrate interest or loyalty to SMBCI as required by the 2015 bylaws.

On February 28, 2020, the board of trustees unanimously voted on a resolution amending the bylaws to remove this notice requirement and allow for immediate revocation of membership by a simple majority vote of the board of trustees. For the same reasons that we found the board was unauthorized to adopt a resolution exercising its corporate powers (e.g. that the board was insufficient in number and two of its members were serving well-expired terms), we find that the board's resolution adopting amendments to the 2015 bylaws was also unauthorized.

In addition to the board of trustees being unauthorized to adopt the resolution amending the bylaws at the February meeting, this purported amendment to the 2015 bylaws was inconsistent with the requirements for amendment as set forth in the bylaws. The 2015 bylaws state:

> ARTICLE X - Adoption and Amendments
> …
> B. Amendments - These bylaws may be amended or repealed at any duly convened Congregational Meeting. Proposed amendments or repeals shall be submitted in writing to the Administrative Body no later than thirty (30) days prior to the Congregational Meeting the proposal is to be considered. Adoption of the amendment or repeal shall require approval by a simple majority affirmative vote and is subject to the approval by SMBC Board of Trustees. Amendments that are necessitated by amendments made to the SMBC Board of Trustee Bylaws shall require approval by the congregation.

With regard to the Congregation Meeting, the bylaws provide:

## ARTICLE V - Congregational Meetings

A. Time and Place - An annual Congregational Meeting shall be held each year in the month of January. The time and place of the annual Congregational Meeting shall be determined by the Administrative Body.

B. Notification - The Administrative Body shall notify members in writing at least two weeks in advance, and announced at Sunday services.
…

G. Special Congregational Meetings - In addition to the annual Congregation Meeting, Special Congregational Meetings may also be held. Special Congregational Meetings are governed by the same rules as those pertaining to the annual Congregational Meeting.

Affidavits from the Kenner members indicate that they never received notice of the December 17, 2019 annual Congregation Meeting at which the motion to amend the bylaws was offered as required under these bylaws. SMBCI has provided no evidence of any such notices sent.

Defendants also attest in their affidavits that they never received notice of the Special Congregation Meeting organized for November 27, 2020, at which members of the board of trustees were to be re-elected, the amendments to the bylaws approved, and the resolution authorizing legal action against defendants adopted. Written notice of such a meeting is required by both the bylaws and the articles of incorporation. Again, SMBCI has provided no evidence that such notices were sent to the members of the Kenner congregation.

Upon *de novo* review, we find that the November 27, 2020 ratifications of the February 28, 2020 resolutions fail to comport with the requirements for notice set forth in the articles of incorporation and the bylaws, and are therefore without effect. Accordingly, we find no error in the trial court's sustaining of the dilatory exception of lack of procedural capacity.

La. C.C.P. art. 932 states that when the grounds of the objection sustaining the dilatory exception cannot be removed by amendment of the petition or other action of the plaintiff, the action subject to the exception shall be dismissed.

Although we find that the evidence of record shows that the individuals purporting to act as representatives on behalf of SMBCI in this litigation lack the procedural capacity to do so, we have also recognized that SMBCI has a right of action to pursue this litigation, should the appropriately authorized representatives of SMBCI choose to do so. Consequently, we find that it was error to dismiss SMBCI's First Supplemental and Amending Petition with prejudice.

Furthermore, having found that the individuals purporting to act as representatives on behalf of SMBCI in this litigation lack the procedural capacity to do so, resulting in the dismissal of their petition, we pretermit any discussion concerning the denial of the preliminary injunction.

**CONCLUSION**

The portion of the judgment of the trial court that sustained the exception of no right of action is reversed. The portion of the judgment of the trial court that sustained the exception of lack of procedural capacity is affirmed. However, we amend that portion of the judgment to dismiss SMBCI's First Supplemental and Amending Petition without prejudice, rather than with prejudice.

**<u>REVERSED IN PART;
AFFIRMED IN PART,
AS AMENDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-573

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
COURTNEY P. NEWTON (APPELLANT)          JOHN D. MIRANDA (APPELLANT)          GRAHAM H. WILLIAMS (APPELLEE)
JUSTIN E. ALSTERBERG (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED